IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2005 Session

## IN RE: TKY

### Appeal from the Juvenile Court for Coffee County
No. 16804-J     Timothy R. Brock, Judge

_____

#### No. M2004-02005-COA-R3-PT - Filed July 14, 2005

_____

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
### Vacated and Remanded

This is an action by the mother of a child, in which she is joined by her husband, to terminate the parental rights, if any, of the apparent biological father of her child. Prior to the commencement of this action, a separate action was filed by the apparent biological father to establish parentage. That parentage action was tried and appealed, the result of which was a ruling that the apparent biological father was not the "legal" father of her child, TKY, that the legal father of TKY was the husband of the child's mother, and the apparent biological father had no parental rights or responsibilities. That ruling renders the issue of the apparent biological father's parental rights, or lack thereof, moot. We therefore vacate the judgment of the trial court and remand with instructions to dismiss the petition to terminate parental rights as being moot.

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

J. Stanley Rogers and Christina H. Duncan, Manchester, Tennessee, for the appellants, K.Y. and D.Y.

Eric J. Burch, Manchester, Tennessee, for the appellee, T.P.

#### OPINION

This appeal arises from a petition to terminate the parental rights, if any, of a child's apparent biological father, Mr. P. The action was commenced by the mother of the child. The child and his mother are identified as TKY and Mrs. Y. The mother's husband of seventeen years, Mr. Y, joined in the petition. Mr. Y was married to Mrs. Y when the child was conceived and born, has supported the child since birth, and has held the child out as his own since TKY's birth and throughout these proceedings.

Mr. and Mrs. Y married in August of 1988 and remain married, despite Mrs. Y's admission that she has engaged in extramarital affairs. One such affair began in November of 1996 when Mrs. Y developed a relationship with Mr. P. On October 3, 1997, Mrs. Y gave birth to TKY, who is the subject of this dispute. Mrs. Y told Mr. P that she believed he was the father of TKY; however, she also allowed her husband, Mr. Y, who had no knowledge of Mrs. Y's extramarital affairs, to believe he was TKY's father.[1] DNA tests conducted on August 2, 1999 indicated a 99.95% statistical probability that Mr. P was the biological father of TKY.

This appeal arises from a petition filed by Mr. and Mrs. P to terminate the parental rights, if any, of Mr. P, who claims to be the biological and legal father of TKY. This action was filed by Mr. and Mrs. Y in November of 2004. This action, however, was preceded by an action Mr. P commenced in 1999 to establish his parentage of TKY.[2] Mr. and Mrs. Y filed an answer denying his claim of parentage along with a counter-petition to terminate Mr. P's parental rights.[3]

The trial court tried the issues raised in the first action, including Mr. P's petition to establish parentage and Mr. and Mrs. Ys' counter-petition to terminate Mr. P's parental rights. The trial court terminated Mr. P's parental rights and dismissed Mr. P's parentage action. Mr. P appealed the adverse rulings. In the first appeal, this court reversed both rulings based on the conclusion that the trial court erred by ruling on the petition to terminate prior to ruling on the parentage action. *See In re TKY*, No. M2002-00815-COA-R3-JV, 2003 WL 1733583 (Tenn. Ct. App. April 2, 2003).

On remand of the parentage action, the trial court ruled that Mr. P was the "legal" father of TKY based upon the expressed belief that it felt constrained to do so due to the genetic test results and Mr. P's offer to support the child. The judgment of the trial court in the parentage action was once again appealed, this time by Mr. and Mrs. Y. In the second appeal of that action, this court vacated the judgment of the trial court, held that Mr. Y was the legal father of TKY, and remanded with instructions to enter an order declaring Mr. Y the legal father of TKY from birth, *nunc pro tunc*. *See In re TKY*, M2004-01634-COA-R3-JV, 2005 WL _____ (Tenn. Ct. App. June ___, 2005).

In this action to terminate Mr. P's parental rights, if any, which was filed during the first appeal and tried prior to the second appeal of the parentage action, Mr. and Mrs. Y claimed that Mr. P had abandoned TKY by failing to offer any support or any material visitation for at least four

---

[1] Mr. Y testified that Mrs. Y told him that Mr. P was TKY's father on July 7, 1999, well after TKY's October 3, 1997 birth.

[2] Mr. P's petition was styled "Petition for Legitimation/Petition for Custody/Petition for Visitation/Petition to Set Child Support." Since 1997, Tenn. Code Ann. § 36-2-301 has identified such an action as an "action to establish parentage of children." We shall hereinafter refer to Mr. P's action as his parentage action.

[3] The claims of Mr. and Mrs. Y in the counter-petition to terminate Mr. P's parental rights are the same as those set forth in this action.

months prior to the filing of their petition to terminate.[4] The trial court dismissed Mr. & Mrs. Y's petition after finding they had failed to establish by clear and convincing evidence grounds to terminate Mr. P's parental rights. As a consequence of that adverse ruling, Mr. & Mrs. Y filed this appeal.

It has been determined that Mr. P is not a legal parent of TKY. *See In re TKY*, M2004-01634-COA-R3-JV, 2005 WL _____. Therefore, Mr. P has no parental rights, relative to TKY, to terminate. Moreover, Mr. P is precluded from contending that he has parental rights relative to TKY, and Mr. and Mrs. Y are precluded from contending that Mr. P has parental responsibilities.[5]

Termination proceedings in Tennessee are governed by statute. Tenn. Code Ann. § 36-1-113, *et seq.* Parties seeking to terminate parental rights of others must prove two things. First, they must prove the existence of at least one of the statutory grounds for termination. Tenn. Code Ann. § 36-1-113(c)(1); *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Second, they must prove that terminating parental rights is in the child's best interests. Tenn. Code Ann. § 36-1-113(c)(2); *In re A.W.*, 114 S.W.3d 541, 544 (Tenn. Ct. App. 2003); *In re C.W.W.*, 37 S.W.3d 467, 475-76 (Tenn. Ct. App. 2000).

Termination of parental rights proceedings, however, are wholly unnecessary when it has previously been adjudicated that the defendant, the one whose rights are to be terminated, has no parental rights to terminate.[6] The termination statutes, along with related cases, pertain to situations wherein the defendant, the person whose parental rights are to be terminated, is a parent or is presumed to be a parent of the child at issue. This would include a person who claims to be or may make a claim that he or she is a parent. It would also include a person who is suspected to be a parent of the subject child.[7]

---

[4]Mr. and Mrs. Y's petition to terminate Mr. P's parental rights was filed March 4, 2002, thus the relevant time frame is November 4, 2003 through March 4, 2004.

[5]"The doctrine of *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Godwin v. Sanders*, W2003-02239-COA-R3-JV, 2005 WL 65540, at *3 (Tenn. Ct. App. Jan. 10, 2005) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). Mr. P and Mr. and Mrs. Y were parties to the parentage action. Thus, this court's ruling in *In re TKY*, M2004-01634-COA-R3-JV, 2005 WL _____ (Tenn. Ct. App. June ___, 2005) bars a second suit among Mr. P and Mr. and Mrs. Y as to the issue of Mr. P's parental rights, or lack thereof.

[6]This would include a situation, such as here, where a court of competent jurisdiction has previously rendered a final judgment in a separate action between the same parties.

[7]See Tenn. Code Ann. § 36-2-304(a) which provides that a man is rebuttably presumed to be the father of a child if the man and the child's mother are married or have been married to each other and the child is born during the marriage or within three hundred (300) days after the marriage is terminated by death, annulment, declaration or invalidity, or divorce; while the child is under the age of majority, the man receives the child into the man's home and openly holds the child out as the man's natural child; or genetic tests show a statistical probability of parentage of 95% or greater.

Mr. P is <u>not</u> a legal parent of TKY; therefore, Mr. P has no parental rights to terminate. Accordingly, the judgment of the trial court is vacated and this matter is remanded with instructions to dismiss the petition to terminate Mr. P's parental rights as moot. Costs of this appeal are assessed against the appellee, Mr. P.

_____
FRANK G. CLEMENT, JR., JUDGE